UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Clifford E. Edwards and Marilyn
Edwards, individually and as husband
and wife,

                Plaintiffs,

v.

WYETH, INC. (d/b/a WYETH), formerly known as
AMERICAN HOME PRODUCTS CORPORATION,
individually and as successor in interest to
A.H. Robins, Inc.; ALPHARMA, INC.,
d/b/a Alpharma Pharmaceuticals;
PUREPAC PHARMACEUTICAL COMPANY;
ACTAVIS ELIZABETH LLC; and the following
fictitious party defendants (whether singular or plural,
individual or corporate): No. 1, that entity which
originally obtained permission from the U.S. Food
and Drug Administration to market the drug branded
Reglan; No. 2, that entity which obtained permission
from the FDA to market the Reglan, metoclopramide
and/or metoclopramide HCI ingested by Clifford Edwards;
No. 3, that entity which originally manufactured and sold
any Reglan which was ultimately ingested by Clifford
Edwards: No. 4, that entity which originally manufactured
And sold any Reglan, metoclopramide and/or
Metoclopramide HCI which was ultimately ingested by
Clifford Edwards; No. 5, that entity which marketed
Reglan, metoclopramide and/or metoclopramide HCI.

                Defendants.

Civil No. 07-3921 (DWF/SRN)

**MEMORANDUM
OPINION AND ORDER**

---

Daniel J. McGlynn, Esq., and Patty F. Trantham, Esq., McGlynn, Glisson & Koch,
APLC; and Lucia J.W. McLaren, Esq. and Michael K. Johnson, Esq., Goldenberg &
Johnson, PLLC, counsel for Plaintiffs.

Bridget M. Ahmann, Esq., and Erin M. Verneris, Esq., Faegre & Benson LLP; and Jeffrey R. Pilkington, Esq., and Tom Wagner, Esq., Davis, Graham & Stubbs, LLP, counsel for Defendant Wyeth, Inc.

Bradley J. Linderman, Esq., and Michael D. Hutchens, Esq., Meagher & Geer, PLLP; and Richard A. Dean, Esq., Tucker Ellis & West, counsel for Defendants Alpharma, Inc., Purepac Pharmaceutical Co., and Actavis Elizabeth LLC.

## INTRODUCTION

This matter is before the Court on a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) or, in the Alternative to Transfer Venue Pursuant to 28 U.S.C. § 1404(a), brought by Defendants Wyeth, Inc. ("Wyeth"), and Schwarz Pharma, Inc. ("Schwarz"); a Joint Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(c), brought by Defendants Actavis Elizabeth LLC ("Actavis"), Alpharma, Inc. ("Alpharma"), and Purepac Pharmaceutical Co. ("Purepac"); a Motion to Dismiss, or in the Alternative, Notice of Joinder in Wyeth and Schwarz Pharma, Inc.'s Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a), brought by PLIVA, Inc. ("PLIVA"); and a Motion for Leave to File an Amended Complaint, brought by Plaintiffs Clifford E. and Marilyn Edwards.[1]

## BACKGROUND

Plaintiffs claim that Mr. Edwards developed Tardive Dyskinesia, a neurological disorder, as a result of his ingestion of metoclopramide. Metoclopramide, which is

---

[1] Subsequent to the hearing on the motions to dismiss, all claims against Defendants Schwarz, PLIVA, and Teva Pharmaceuticals USA, Inc., have been dismissed. Therefore, any motion brought by one of these Defendants is now moot.

available in brand (Reglan®) or generic form, is used to treat certain gastrointestinal disorders. Plaintiffs allege in their Complaint that beginning in May 2000, and continuing until approximately 2001, Mr. Edwards was treated for gastroesophageal reflux disease (Compl. ¶ 24); that Mr. Edwards was prescribed and ingested Reglan®/metoclopramide (*Id.* ¶¶ 27, 28); that Defendants warned that exposure to Reglan®/metoclopramide can lead to Tardive Dyskinesia (*Id.* ¶ 431); and that Reglan®/metoclopramide caused Mr. Edwards' injuries (*Id.* ¶ 29).

Plaintiffs' causes of action include strict products liability, breach of express warranty (against Wyeth), negligence, misrepresentation by omission, negligence (against Wyeth), negligent misrepresentation, negligent misrepresentation (against Wyeth), fraud by concealment, violation of the Minnesota Consumer Protection Act ("MCPA"), fraud by concealment (against Wyeth), breach of implied warranties, strict joint and several liability, constructive fraud, intentional infliction of emotional distress, negligent infliction of emotional distress, and loss of consortium. Defendants Wyeth, Actavis, Alpharma, and Purepac move in two separate motions to dismiss Plaintiffs' action for failing to file the action within the applicable statutes of limitation. Wyeth also brings an alternative motion to transfer. Finally, Plaintiffs bring a Motion for Leave to File an Amended Complaint.

# DISCUSSION

## I. Motions to Dismiss

### A. Standard of Review

In deciding a motion to dismiss, a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 1964–65. This standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Id.* at 1965. The Court evaluates a motion brought under Rule 12(c) under the same standard as a motion brought under Rule 12(b)(6). Fed. R. Civ. P. 12(c) and (h)(2). A motion to dismiss may

be granted when a claim is barred under the statute of limitations.  Fed. R. Civ. P. 12; *Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004).

The parties ask the Court to assume, for the purposes of this motion, that Minnesota's statutes of limitation apply to Plaintiffs' claims.[2]  Under Minnesota law, the following limitations periods apply to the Plaintiffs' causes of action:  two years for intentional infliction of emotional distress, Minn. Stat. Ann. § 541.07(1); four years for breach of warranty and strict liability, Minn. Stat. Ann. § 336.2-725; § 541.05, subd. 2; and six years for negligence, misrepresentation, fraud, and statutory claims, Minn. Stat. Ann. § 541.05, subd. 1.  Also under Minnesota law, a civil action is commenced against a defendant for statute of limitations purposes by service of the summons upon the defendant, by acknowledgement of service if served by mail, or by delivery of the summons to the sheriff.  Minn. R. Civ. P. 3.01; *see also MW Ag, Inc. v. New Hampshire Ins. Co.*, 107 F.3d 644, 646 (8th Cir. 1997).[3]

### B.     Wyeth's Motion to Dismiss

Wyeth seeks dismissal of Plaintiffs' complaint on the grounds that the claims asserted against it are barred by the applicable statutes of limitation.  Plaintiffs served Wyeth on October 19, 2007.  Therefore, October 19, 2007, is the date on which this action was commenced against Wyeth.

---

[2]     Plaintiffs acknowledge that they filed this case in Minnesota because the statute of limitations had run in Plaintiffs' home forum.

[3]     Minnesota's commencement rules also apply.  *See Larsen v. Mayo Med. Ctr.*, 218 F.3d 863, 867 (8th Cir. 2000).

### 1.     Warranty claims

Plaintiffs' warranty claims are subject to a four-year statute of limitations.  Minn. Stat. § 336.2-725.  In addition, Plaintiffs' warranty claims accrued when the breach of warranty occurred, which is "when tender of delivery is made."  *Id*.  Wyeth asserts that this claim is time-barred.  Plaintiffs do not offer any arguments disputing this assertion.

Plaintiffs have alleged that Mr. Edwards' injury was caused by the ingestion of Reglan® and/or metoclopramide.  Plaintiffs further allege that Mr. Edwards' injury was diagnosed on or about September 17, 2001.  Therefore, tender of delivery of the Reglan® and/or metoclopramide must have occurred sometime prior to September 17, 2001.  Accordingly, more than four years have passed since the statute began to run, and Plaintiffs' warranty claims are time-barred.

### 2.     Minnesota Consumer Protection Act

Plaintiffs' MCPA claim is subject to a six-year statute of limitations.  Minn. Stat. Ann. § 541.05, subd. 1(2).  Wyeth asserts that this claim is time-barred.  Plaintiffs do not offer any arguments in opposition.

Plaintiffs' MCPA claims began to accrue on the date of sale when each alleged statutory violation occurred.  *Klehr v. A.O. Smith Corp*., 875 F. Supp. 1342, 1352-53 (D. Minn. 1995).  Again, Plaintiffs have alleged that Mr. Edwards' injury was caused by the ingestion of Reglan® and/or metoclopramide and that his injury occurred on or about September 17, 2001.  Therefore, the Reglan® and/or metoclopramide that allegedly caused Mr. Edwards' injury must have been purchased prior to September 17, 2001.

Accordingly, more than six years have passed since the statute began to run, and Plaintiffs' MCPA claim is time-barred.

### 3. Remaining claims

The statutes of limitation on Plaintiffs' remaining claims began to run on the date that Mr. Edwards was aware of some damage resulting from Defendants' alleged conduct. *See Offerdahl v. Univ. of Minn. Hosps. and Clinics*, 426 N.W.2d 425, 429 (Minn. 1988) (citing *Dalton v. Dow Chem. Co.*, 158 N.W.2d 580, 583-84 (Minn. 1968)); *see also Herrmann v. McMenomy & Severson*, 590 N.W.2d 641, 643 & n.17 (Minn. 1999). "Some damage" exists when a cognizable physical manifestation of the disease is present and there is evidence of a causal connection between the disease and the defendant's product, act, or omission. *Klepmka v. G.D. Searle & Co.*, 963 F.2d 168, 170 (8th Cir. 1992).

The parties dispute when the statutes of limitation on Plaintiffs' remaining causes of action began to run. Wyeth asserts that Plaintiffs' causes of action accrued on or before September 17, 2001, the date on which Plaintiff has alleged "[Mr. Edwards] was diagnosed with Tardive Dyskinesia." (Compl. ¶ 25.) Plaintiffs, on the other hand, argue that their causes of action did not actually accrue until January 17, 2002, the date they claim Mr. Edwards was definitively diagnosed with Tardive Dyskinesia. Plaintiffs have since moved for leave to amend their Complaint to allege that the actual date of Mr. Edwards' diagnosis was January 17, 2002. The Court denies Plaintiffs' motion for leave

7

to amend, as discussed below, and therefore looks only to the allegations of the original Complaint in considering the motions to dismiss. [4]

Based on the Plaintiffs' own allegations in Paragraph 25 of the Complaint, wherein Plaintiffs specifically allege that Mr. Edwards was diagnosed with Tardive Dyskinesia on September 17, 2001, it is appropriate to conclude that Mr. Edwards suffered some damage on or before September 17, 2001. In addition, the allegations in Plaintiffs' Complaint indicate that Plaintiffs were aware that Mr. Edwards' ingestion of Reglan® and/or metoclopramide likely caused his claimed injury. In particular, Plaintiffs allege that Defendants warned that Reglan® and/or metoclopramide could cause Tardive Dyskinesia. Thus, Plaintiffs allege both knowledge of Mr. Edwards' injury and of a causal connection between the injury and his ingestion of Reglan® and/or metoclopramide on or about September 17, 2001. Accordingly, Plaintiffs' remaining claims accrued, and the statutes of limitation began to run, on September 17, 2001.

### a. Intentional Infliction of Emotional Distress ("IIED")

Plaintiffs' IIED claim is subject to a two-year statute of limitations. Minn. Stat. Ann. § 541.07(1). As explained above, Plaintiffs' IIED claim accrued on September 17, 2001. Plaintiffs did not commence this action against Wyeth until October 19, 2007, more than two years later. Accordingly, Plaintiffs' IIED claim is barred by the statute of

---

[4] For purposes of opposing the present motions to dismiss, Plaintiffs rely on extrinsic exhibits. The Court need not consider those exhibits as they are not "necessarily embraced by the pleadings." *Porous Media Corp.*, 186 F.3d at 1079. However, even if the Court did, the extrinsic evidence supports the finding that Plaintiffs' causes of action accrued on September 17, 2001.

limitations. Even if the Court accepted Plaintiffs' alleged date-of-injury, January 17, 2002, more than two years passed before Plaintiffs commenced this action and their claims would still be time-barred.

### b. Strict Liability

Plaintiffs' strict liability claim is subject to a four-year statute of limitations. Minn. Stat. Ann. § 541.05, subd. 2. As explained above, Plaintiffs' strict liability claim accrued on September 17, 2001. Plaintiffs did not commence this action against Wyeth until October 19, 2007, more than four years later. Accordingly, Plaintiffs' strict liability claim is time-barred. Even accepting Plaintiffs' alleged date-of-injury, January 17, 2002, more than four years passed before Plaintiffs commenced this action and their claims would still be time-barred.

### c. Negligence, Misrepresentation, and Fraud claims

Plaintiffs' negligence, misrepresentation, and fraud claims are subject to a six-year statute of limitations. Minn. Stat. Ann. § 541.05, subd. 1. After Plaintiffs' claims accrued on September 17, 2001, more than six years passed before Plaintiffs served Wyeth on October 19, 2007. Accordingly, these claims are time-barred.

### 4. Fraudulent Concealment

Plaintiffs argue that the doctrine of equitable estoppel prevents Defendants from relying on the statute of limitations defense because of Plaintiffs' allegedly fraudulent conduct. Specifically, Plaintiffs assert that Defendants concealed material facts about the risk of contracting Tardive Dyskinesia, that Plaintiffs and the treating physicians were unaware of the risks, and that Plaintiffs relied on the Defendants to their detriment.

9

Plaintiffs actually seek to toll the statute of limitations pursuant to the "fraudulent concealment" exception.

Fraudulent concealment tolls the statute of limitations until the plaintiff discovers or has a reasonable opportunity to discover the concealed facts. *Hydra-Mac, Inc. v. Onan Corp.*, 450 N.W.2d 913, 918 (Minn. 1990). The very existence of the facts which establish the cause of action must be fraudulently concealed in order to toll the statute of limitations. *Id*. "Merely establishing that a defendant had intentionally concealed the alleged defects is insufficient; the claimant must establish that it was actually unaware that the defect existed before a finding of fraudulent concealment can be sustained." *Id*.

The allegations contained in Plaintiffs' Complaint fail to support the tolling of the statute of limitations due to fraudulent concealment. First, Plaintiffs do not allege that Defendants affirmatively tried to conceal the presence of a cause of action from Plaintiffs. In addition, Plaintiffs allege that Defendants disclosed Tardive Dyskinesia as a possible risk of taking Reglan® and/or metoclopramide. (Compl. ¶¶ 431.) Therefore, Plaintiffs cannot claim that Defendants concealed the basis for a cause of action or that Plaintiffs were unaware of any basis for a cause of action.

      **C.**    **Actavis Elizabeth, Alpharma, and Purepac's Motion to Dismiss**

Plaintiffs assert various claims against Actavis Elizabeth, Alpharma, and Purepac. These claims include strict products liability, negligence, misrepresentation by omission, negligent misrepresentation, fraud by concealment, violation of the MCPA, breach of implied warranties, strict and joint liability, constructive fraud, IIED, negligent infliction of emotional distress, and loss of consortium. Alpharma and Actavis Elizabeth were

served on October 19, 2007 and October 25, 2007, respectively.  (Aff. of John R. Duff ¶¶ 3, 4.)  Purepac has not been served.  (*Id.* ¶ 6.)

As explained above, the longest statute of limitations for any of Plaintiffs' claims against Actavis, Alpharma, and Purepac is six years.  Plaintiffs' various causes of action accrued no later than September 17, 2001.  Plaintiffs, however, did not commence this action against Actavis, Alpharma, or Purepac until more than six years had passed.  In addition, as explained above, the allegations contained in Plaintiffs' Complaint fail to support the tolling of the statute of limitations due to fraudulent concealment.  Accordingly, all claims asserted against these defendants are time-barred.

## II.     Plaintiffs' Motion For Leave to File an Amended Complaint

Plaintiffs filed their original Complaint on September 7, 2007.  In that Complaint, Plaintiffs allege that Mr. Edwards was diagnosed with Tardive Dyskinesia on or about September 17, 2001.  As discussed above, Plaintiffs' claims are time-barred using September 17, 2001, as the day that Mr. Edwards' causes of action accrued.  Shortly before the hearing on Defendants' motions to dismiss, Plaintiffs filed a motion for leave to amend their Complaint.  The Court heard oral arguments on the motions to dismiss and received further briefing on Plaintiffs' motion for leave to amend.

"[A] party may amend its pleading . . . with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Leave to amend should be freely given "when justice so requires."  *Id.*  However, leave should not be given when the proposed amendments are futile.  *See DeRoche v. All Am. Bottling Corp.*, 38 F. Supp. 2d 1102, 1005 (D. Minn. 1998).

The Court finds that justice does not require the granting of Plaintiffs' motion for leave to amend.  Indeed, it would be contrary to the interests of justice to allow an amendment, as Plaintiffs essentially ask the Court to engage in a fiction.  Plaintiffs represent that they made a "clerical error" in pleading September 21, 2007, as the date of Mr. Edwards' diagnosis.  Plaintiffs purport to correct the error in their proposed Amended Complaint by omitting any reference to the September 17, 2001, date and instead asserting that the alleged correct date of Mr. Edwards' diagnosis as January 17, 2002.

Even accepting Plaintiffs' newly alleged date of diagnosis, the Court notes that this date is not necessarily the same date on which Mr. Edwards sustained "some damage" for the purpose commencing the statute of limitations.  Instead, "some damage" existed when Mr. Edwards' experienced a cognizable physical manifestation of his disease and there was evidence of a causal connection between his disease and Reglan® and/or metoclopramide.  *Klepmka*, 963 F.2d at 170.  Plaintiffs' original Complaint plainly alleges that Mr. Edwards was diagnosed with Tardive Dyskinesia on or about September 17, 2001.  Even if not the date of diagnosis, it is evident that Mr. Edwards was suffering symptoms at that time and knew the likely cause of his symptoms was his ingestion of Reglan® and/or metoclopramide.  Although Plaintiffs now claim that they made a "clerical error" in alleging the September 2001 date, they do not claim that the facts underlying their original assertion of the September 2001 date to, likewise, be erroneous.  In fact, Plaintiffs have put before the Court extrinsic evidence that substantiates the significance of the September 17, 2001, date.  The evidence *submitted*

12

*by Plaintiffs* demonstrates that Mr. Edwards saw a neurologist on September 17, 2001, and that the neurologist informed Mr. Edwards that his neurological symptoms were likely caused by Reglan®. Indeed, Plaintiffs readily acknowledge these facts.[5] The Court will not allow Plaintiffs to amend their original Complaint to assert directly contradictory factual allegations when it is evident that they are omitting key facts that, if included, would render the amendment futile.

In addition, the allegations contained in Plaintiffs' proposed Amended Complaint fail to support the tolling of the statute of limitations due to fraudulent concealment. In particular, the allegations do not demonstrate that Defendants affirmatively attempted to conceal from Plaintiffs the presence of a cause of action. Nor can Plaintiffs demonstrate that they were unaware of any basis for a cause of action against Defendants. Accordingly, the Court denies Plaintiffs' motion for leave to amend.

## CONCLUSION

Accordingly, based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS ORDERED** that:

1. Wyeth's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) or, in the Alternative, to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Doc. No. 26) is **GRANTED**.

---

[5] In their memorandum in opposition to Defendants' motions to dismiss, Plaintiffs acknowledge that Mr. Edwards saw a neurologist on September 17, 2001, presenting with a "shuffling gait and masked face," and that the doctor recommended cessation of Reglan®. (Plfs.' Mem. in Supp. of Her Resp. to Wyeth and Schwarz Pharma's Mot. to Dismiss at 2 (citing Dep. of David Weidman, M.D.).)

  2. Actavis, Alpharma, and Purepac's Joint Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(c) (Doc. No. 45) is **GRANTED**.

  3. PLIVA's Motion to Dismiss, or in the Alternative, Notice of Joinder in Wyeth and Schwarz Pharma, Inc.'s Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Doc. No. 51), is **DENIED AS MOOT**; and

  4. Plaintiffs' Motion for Leave to File and Amended Complaint (Doc. No. 77) is **DENIED**.

  5. Plaintiffs' Complaint (Doc. No. 1) is **DISMISSED**.

  **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  April 25, 2008       s/Donovan W. Frank
                DONOVAN W. FRANK
                Judge of United States District Court